IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00119-WDM-MEH

RAE ANN SCHMALTZ,

    Plaintiff,

v.

SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE,

    Defendant.

---

**ORDER ON DEFENDANT'S MOTION FOR A TEMPORARY STAY OF DISCOVERY**

---

Before the Court is Defendant's Motion to Stay Discovery and Other Proceedings [Docket #30]. The matter is briefed and has been referred to this Court for resolution. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants in part** and **denies in part** the Motion to Stay.

**I.    Facts**

Plaintiff filed this action on behalf of herself and all similarly situated individuals seeking damages and medical monitoring resulting from the use of Defendant's product, Super Poligrip Denture Adhesive Cream. Defendant filed a Motion to Dismiss the class claims and Plaintiff's request for medical monitoring. Defendant requested a stay of all discovery until sixty days after a ruling has issued on the Motion to Dismiss, because of the significant discovery related to the class claims and medical monitoring. Defendant further argues that the discovery overlap between the individual and class claims counsels in favor of a stay. In turn, Plaintiff contends that most of the discovery necessary in this case will apply equally to the individual and class claims, and that discovery on the class claims should not be delayed so that class certification can be determined as

early as practicable. Plaintiff also contends that allowing only some discovery could potentially require her case to be tried before the class claims are ready for trial.

**II.     Discussion**

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, Defendant seeks protection from significant discovery until a ruling is issued on its pending Motion to Dismiss. A stay of all discovery is generally disfavored in this District. *Chavez v. Youn Am. Ins. Co.*, No. 06-2419, 2007 U.S. Dist. LEXIS 15054 (D. Colo. Mar. 2, 2007). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003).

> The following five factors guide the Court's determination:
>
> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-1934, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

In weighing these factors, the Court concludes that a determination of the legal issues raised in Defendant's Motion to Dismiss should precede the significant burden of discovery attendant with a putative class action. Nevertheless, the prejudice to Plaintiff in a complete stay is greater than the potential burden placed on Defendant through overlapping discovery. Defendant has demonstrated

that significant discovery may be necessary for the class claims that would otherwise be irrelevant to Plaintiff's case. Even so, Defendant acknowledges that Plaintiff's personal injury claim will not be dismissed and, therefore, Defendant's Motion to Dismiss cannot dispose of the entire case. The Court is not concerned with the overlap in discovery, nor with Defendant's impression that such overlap will lead to discovery disputes. Any overlapping discovery should proceed since Plaintiff's individual personal-injury claims are not subject to the Motion to Dismiss. In addition, the Court will make itself available for the parties to contact regarding any potential discovery disputes. In fact, the parties are encouraged to contact Chambers to set a telephone conference with the undersigned Magistrate Judge prior to filing future discovery motions.

Under the circumstances presented in this case, a stay of discovery is appropriate only as to class claims, which may be disposed of in their entirety through resolution of Defendant's Motion to Dismiss. Accordingly, discovery is stayed as to the class claims, but not as to Plaintiff's individual claims, including her individual claim for medical monitoring. The Scheduling Conference remains set for September 10, 2008.

**III.  Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Motion to Stay Discovery and Other Proceedings [Filed July 11, 2008; Docket #30] is **granted in part** and **denied in part**. Discovery is limited to Plaintiff's individual claims, pending resolution of Defendant's Motion to Dismiss. The parties shall file a status report within three business days of receiving a ruling on the Motion to Dismiss, indicating what changes in the Scheduling Order are needed.

Dated at Denver, Colorado, this 15th day of August, 2008.

                                      BY THE COURT:

                                      s/ Michael E. Hegarty
                                      Michael E. Hegarty
                                      United States Magistrate Judge