A CERTIFIED TRUE COPY
ATTEST

By Denise Morgan-Stone on Jun 09, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

Jun 09, 2009

FILED
CLERK'S OFFICE

IN RE: DENTURE CREAM
PRODUCTS LIABILITY LITIGATION                     MDL No. 2051

## TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in actions pending in the Middle District of Florida and the Southern District of Florida have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Southern District of Florida. Defendants SmithKline Beecham Corp., GlaxoSmithKline Consumer Healthcare LLC, GlaxoSmithKline Consumer Healthcare, LP, and Block Drug Company, Inc. (collectively GSK) support the motion, as do plaintiffs in the Eastern District of Louisiana potentially related action. Plaintiffs in actions pending in the Northern District of Florida, the Middle District of Georgia, the Eastern District of New York, the Northern District of Oklahoma, and the Eastern District of Pennsylvania suggest centralization in the Eastern District of New York. Defendants The Procter & Gamble Manufacturing Co. and The Procter & Gamble Distributing LLC (collectively P&G) oppose centralization. Plaintiff in the District of Colorado action opposes inclusion of her action in centralized proceedings or, alternatively, suggests centralization in the District of Colorado.

This litigation currently consists of twelve actions listed on Schedule A and pending in eleven districts as follows: two actions in the Northern District of California and one action each in the District of Colorado, the Middle District of Florida, the Northern District of Florida, the Southern District of Florida, the Middle District of Georgia, the Eastern District of New York, the Southern District of Ohio, the Northern District of Oklahoma, the Eastern District of Pennsylvania, and the Western District of Tennessee.[1]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact and that centralization under Section 1407 in the Southern District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share questions of fact arising out of the allegation that the levels of zinc contained in certain brands of denture cream can cause copper deficiency and

---

[*] Judge Heyburn did not participate in the disposition of this matter.

[1] The Panel has been notified that seven additional related actions have been filed, two actions in the Eastern District of New York, and one action each in the Southern District of Florida, the Eastern District of Louisiana, the District of New Jersey, the Northern District of New York, and the Western District of Tennessee. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-2-

neurological injuries. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

In opposition to centralization of all MDL No. 2051 actions, the P&G defendants argue, *inter alia*, that (1) the actions do not share sufficient questions of fact, because individual issues will predominate, such as each plaintiff's medical and dental histories and conditions, the specific injury or disease alleged, each plaintiff's denture cream use, and other sources of zinc ingestion; and (2) alternatives to centralization exist that can minimize any possibilities of duplicative discovery or inconsistent pretrial rulings. Additionally, the District of Colorado plaintiff argues that her action should not be included in centralized proceedings, because her action is sufficiently advanced toward trial such that any efficiencies that might be gained through centralized proceedings are substantially reduced.

While these arguments have some merit, on balance, they are unconvincing. Transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer. Centralization has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: (1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and (2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. The MDL No. 2051 transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation. In any event, we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court. *In re Mutual Funds Investment Litigation*, 310 F.Supp.2d 1359 (J.P.M.L. 2004).

It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident in the transferee judge's ability to streamline pretrial proceedings in all actions, while concomitantly directing the appropriate resolution of all claims.

We are persuaded that the Southern District of Florida is an appropriate transferee district. Both some plaintiffs and some defendants support centralization in that district, and Judge Cecilia M. Altonaga has the time and experience to steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of Florida are transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable Cecilia M. Altonaga

-3-

for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

                        PANEL ON MULTIDISTRICT LITIGATION

                        J. Frederick Motz
                        Acting Chairman

| John G. Heyburn II, Chairman[*] | Robert L. Miller, Jr. |
| Kathryn H. Vratil | David R. Hansen |
| W. Royal Furgeson, Jr. | Frank C. Damrell, Jr. |



**IN RE: DENTURE CREAM**
**PRODUCTS LIABILITY LITIGATION**　　　　　　　　　　MDL No. 2051

## SCHEDULE A

    <u>Northern District of California</u>

Jennifer Borissoff, et al. v. GlaxoSmithKline, Inc., et al., C.A. No. 3:08-3491
Roland Mourning, Sr. v. SmithKline Beecham Corp., et al., C.A. No. 3:08-4929

    <u>District of Colorado</u>

Rae Ann Schmaltz v. SmithKline Beecham Corp., et al., C.A. No. 1:08-119

    <u>Middle District of Florida</u>

Willie J. Peterson, et al. v. GlaxoSmithKline Consumer Healthcare, LP, et al.,
  C.A. No. 2:08-831

    <u>Northern District of Florida</u>

Hershel Biffle, et al. v. SmithKline Beecham Corp., et al., C.A. No. 1:09-67

    <u>Southern District of Florida</u>

Ronald Beaver, et al. v. SmithKline Beecham Corp., et al., C.A. No. 0:08-61743

    <u>Middle District of Georgia</u>

Shari Maulfair, et al. v. SmithKline Beecham Corp., et al., C.A. No. 3:09-37

    <u>Eastern District of New York</u>

Lee Russo, et al. v. SmithKline Beecham Corp., et al., C.A. No. 2:08-4513

    <u>Southern District of Ohio</u>

Sherry Mosley, et al. v. The Procter & Gamble Manufacturing Co., et al., C.A. No. 1:09-185

    <u>Northern District of Oklahoma</u>

Beverly Jones, et al. v. SmithKline Beecham Corp., et al., C.A. No. 4:09-102

-A2-

**MDL No. 2051 Appendix A (Continued)**

<u>Eastern District of Pennsylvania</u>

Kimberly Annette Cook v. SmithKline Beecham Corp., et al., C.A. No. 2:09-461

<u>Western District of Tennessee</u>

Diane M. Bates, et al. v. The Procter & Gamble Manufacturing Co., et al.,
   C.A. No. 2:09-2144